<u>Farrah v. City of New Haven, 3:12CV1519</u>

Order re: Defs.' Mot. for Judgement On the Pleadings (ECF 54)

Granted in part.  The claims under 42 U.S.C. § 1983 are dismissed without prejudice.

Viewed in light of the plaintiffs' memorandum in opposition, the complaint attempts to allege claims under 42 U.S.C. § 1983 based on the Fourth Amendment, specifically:

- "unlawful seizure of the plaintiffs Rommerro Farrah and Albert Farrah"

- "unlawful seizure of the patrons"

- "unlawful search of the business premises" and

- "excessive force"

ECF 65 at 13.  These claims will be dismissed without prejudice for the reasons stated below:

<u>Unlawful seizure of the plaintiffs</u>: Albert Farrah is not a named plaintiff.  With regard to Rommerro Farrah, the complaint alleges that he was among those "ordered to kneel or sit on the floor while the individual defendants . . . who participated in the raid, marched and strode around the assemblage waving their weapons and threatening to arrest anyone who did not comply with their orders."  Accepting these allegations as true, it is reasonable to infer that Rommerro Farrah complied with the officers' order by kneeling or sitting on the floor.  In the absence of additional allegations, however, the complaint does not support a plausible conclusion that he was thereby seized in violation of the Fourth Amendment.

<u>Unlawful seizure of the patrons</u>: The plaintiffs do not have standing to assert the Fourth Amendment rights of the patrons.

<u>Unlawful search of the business premises</u>: The complaint does not allege facts permitting a plausible conclusion that the premises were searched in violation of a reasonable expectation of privacy protected by the Fourth Amendment.

The allegations indicate that the premises - a nightclub - were open to the public and hundreds of people were present at the time in question, in addition to the officers.

<u>Excessive Force</u>: The complaint does not allege that Rommerro Farrah was subjected to the use of unreasonable physical force and the plaintiffs do not have standing to sue on behalf of any patrons who were subjected to any such use of force.

The complaint's failure to adequately allege a violation of the Fourth Amendment undercuts any <u>Monell</u> claim.

Because the federal claims are subject to dismissal, the Court does not address the state law claims.

In October 2014, plaintiffs were given an opportunity to move to amend their § 1983 claims to address the deficiencies discussed above or to withdraw the § 1983 claims and return to state court.  Plaintiffs were supposed to inform the Court of how they wished to proceed but they have not done so.

Accordingly, it is hereby ordered that plaintiffs file and serve a statement on or before March 21, 2015, stating whether they want to amend their complaint or prefer to return to state court.  If no such statement is filed, the case will be remanded without further notice.

So ordered this 10th day of March 2015.


                              _____/s/  RNC_____
                              Robert N. Chatigny, U.S.D.J.